FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Sep 28, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KANIEMA B,

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

No. 2:25-CV-00234-JAG

**ORDER OVERRULING DECISION OF THE ALJ AND REMANDING FOR BENEFITS**

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 14 and 17. Attorney Jeffrey Schwab represents Kaniema B., (Plaintiff); Special Assistant United States Attorney Emma O'Rourke-Friel represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, **OVERTURNS** the ALJ's decision and **REMANDS** for benefits.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 29, 2021, alleging disability since January 29, 2018, due to hypersomnia, narcolepsy, major depressive disorder, anxiety, PCOS, asthma, IBS, continuous periumbilical abdominal pain, and acid reflex disease. Tr. 70. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge

(ALJ). Tr. 17. A hearing was held on May 1, 2024, at which vocational expert Barry Brown, and Plaintiff, who was represented by counsel, testified. Tr. 35. ALJ Lynn Ginsberg presided. Tr. 34. The ALJ denied benefits on June 27, 2024. Tr. 29. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 30, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1986 and was 31 years old on the alleged onset date. Tr. 67. Plaintiff's past jobs include a telephone solicitor and a customer complaint clerk. Tr. 27.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.

1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On June 27, 2024, ALJ Lynn Ginsberg issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since January. 29, 2018. Tr. 19.

At ***step two***, the ALJ found Plaintiff had the severe impairments of obesity; degenerative changes in the lumbar spine; obstructive sleep apnea with CPAP therapy; continuous periumbilical abdominal pain. Tr. 19.

At ***step three***, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 20.

The ALJ also found Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c), with the following limitations:

> Specifically, the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. The claimant can stand and/or walk for about six hours and sit for about six hours in an eight-hour workday with normal breaks. The claimant can never climb ladders, ropes, and scaffolds. The claimant can have occasional exposure to environmental irritants such as fumes, odors, dust, and gases. The claimant can never use moving hazardous machinery and have no exposure to unprotected heights. The claimant can never perform commercial driving jobs. The clamant can understand, remember, and carry out simple instructions that can be learned in up to and including 30 days of on-the-job training. The claimant can have occasional interaction with the public, coworkers, and supervisors. The claimant can adapt to occasional changes in a routine work setting.

Tr 23.

At ***step four***, the ALJ found Plaintiff could not perform past relevant work as a telephone solicitor or customer complaint clerk. Tr. 27.

At ***step five***, the ALJ found, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of merchandise marker, routing clerk, and collator operator. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 29.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) improperly evaluating the medical opinions and listing level impairment; and (2) failing to conduct an adequate analysis and failing to meet his burden at step five. Although not specifically labeled this way, Plaintiff's briefing argues the ALJ erred at Step 2 by failing to even address Plaintiff's neurological sleep issues and mental health. Plaintiff's briefing also argues that the ALJ erred at Step 3 by failing to assess Plaintiff's neurological sleep issues under Listing 11.02 as directed by the regulations.

## VII. DISCUSSION

### A. <u>Step 2</u>

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to

work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

Plaintiff established a clear record of neurological sleep issues over the course of several years. Despite this showing, the ALJ failed to address neurological sleep issues at Step 2. The ALJ apparently conflated sleep apnea and neurologically based sleep issues, but these impairments are separate and clearly treated separately in the treatment records. *See* Tr. 820-21. Failure to address neurological sleep issues (narcolepsy, idiopathic hypersomnia without long sleep time, sleep state misperception) at Step 2 is legal error.

**B. Step Three**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish whether they meet or equal any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2. The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Despite counsel addressing a specific listing, Listing 11.02, to address neurological sleep disorders at the hearing, and presenting evidence in support of

equivalency, the ALJ failed to address whether Plaintiff met listing for neurological sleep disorders. At the hearing, Plaintiff's counsel clearly stated the listing that they believed applied as well as recited evidence in support of a finding of disability under that listing. Tr. 39. The ALJ "carefully reviewed analogous listings and evaluated the symptoms of the disorders under the respective listings for the affected body systems (*see e.g.* 3.00(P)(2))" but inexplicably failed to address Listing 11.02, the listing the regulations specifically direct to apply to neurological sleep disorders. Tr. 20. Such an omission is legal error.

**C. <u>Step Five</u>.**

Plaintiff contends the ALJ erred in failing to conduct an adequate analysis and failing to meet his burden at step five. The Plaintiff argues that the ALJ's analysis at Step Five is based on an incomplete hypothetical posed to the Vocational Expert. *See* ECF No. 14 at 17. The ALJ posed two hypotheticals to the Vocational Expert. Tr. 60-62. The ALJ quotes the Vocational Expert's answer to the first hypothetical in the decision. Tr. 28. The second hypothetical, asked by the ALJ, was

> Let's just say for hypothetical #2 that – let's see, that this hypothetical individual as a result of their impairments would be off task, let's say 15% of the work period where they would be – let's say, as a result of needing extra breaks, or falling asleep, or what have you. Would they be able to perform any of the jobs previously indicated or any jobs in the national economy?

Tr. 62. The Vocational Expert answered in the negative, explaining that, "for unskilled work, up to 10% off task is the most that's allowed." Tr. 62. Accordingly, had the ALJ adopted the hypothetical that more accurately addressed Plaintiff's neurological sleep issues, the ALJ would have had to have found that Plaintiff is disabled. The ALJ erred in not relying on the more complete hypothetical.

## VIII. CREDIT AS TRUE RULE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that this case is appropriate to remand for benefits. Plaintiff's medical record reflects neurological sleep disorders that significantly affected Plaintiff's ability to work. The ALJ failed to address neurological sleep issues at Step 2 or Step 3. However, the ALJ posed a hypothetical that encompassed symptoms of Plaintiff's neurological sleep issues. The Vocational Expert opined that with symptoms of Plaintiff's neurological sleep issues there are no jobs in the national economy that Plaintiff could perform. This opinion coupled with Plaintiff's medical record lead to the necessary conclusion that Plaintiff is disabled. There are no additional issues that must be resolved.

## IX. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgement, **ECF No. 14,** is **GRANTED**. The case is **REMANDED for immediate calculation and award of benefits**.

2. Defendant's request to affirm, **ECF No. 17**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 28, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE